UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | | |
|---|---|---|
| Brookie Hatfield, | ) | CASE NO. 1:25 CV 215 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Tost, LLC, et al., | ) | |
| | ) | **Memorandum Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

Before the Court is Plaintiff's Motion for Default Judgment. (Doc. 12.) This is a Fair Labor Standards Act ("FLSA") case. For the reasons that follow, the motion is GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

Brookie Hatfield ("Hatfield") filed this suit against defendant Tost, LLC ("Tost") and Tost's owner, defendant Tom Karakostas ("Karakostas") (collectively, "Defendants"). Hatfield alleges that she worked for Defendants starting in or about September 5, 2023, through in or about August 9, 2024. During that period, Hatfield alleges that she was a non-exempt employee, but that Defendants paid her on a salary basis for an amount that was less than minimum wage. Hatfield brought suit against Defendants alleging violations under the Fair Labor Standards Act ("FLSA") and Ohio law for the unpaid minimum wages.

The Clerk entered default against Defendants on May 22, 2025. (Doc. 11.) On June 27, 2025, Hatfield filed the present Motion for Default Judgment against Defendants, jointly and severally. (Doc. 12.) Hatfield seeks a total award of damages in the amount of $75,704, which includes $58,500 in trebled minimum wage damages, $4,400 for liquidated damages, $12,257 for attorney fees, and $547 for costs and expenses. This Court held a default judgment hearing on July 30, 2025. Neither Defendant appeared.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 55 governs default and default judgment. Once default is entered, plaintiff's well-pleaded factual allegations as to liability are taken as true. *Thomson v. Wooster*, 114 U.S. 104, (1885); *Antoine v. Atlas Turner, Inc.*, 66 F.3d. 105, 110-11 (6th Cir. 1995); *see also Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) (citation omitted). The same is not true for damages. *Ford Motor Co.*, 441 F. Supp. 2d at 848 (citing *Thomson*, 114 U.S. 104). Rather, "the civil rules 'require that the party moving for a default judgment must present some evidence of its damages.'" *IBEW Local Union 82 v. Union Lighting Prot.*, 2012 WL 554573, at *1 (S.D. Ohio Feb. 21, 2012) (quoting *Mill's Pride, L.P. v. W.D. Miller Enterpr.*, 2010 WL 987167, at *1 (S.D. Ohio Mar. 12, 2010)).

Further, "an employee bringing . . . suit [under the FLSA] has the 'burden of proving that he performed work for which he was not properly compensated.'" *Monroe v. FTS USA, LLC*, 860 F.3d 389, 398 (6th Cir. 2017) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946)). However, where the employer's records are inaccurate or inadequate, an employee can carry his burden "if he proves that he has in fact performed work for which he was improperly compensated and . . . produces sufficient evidence to show the amount and extent of that work as a matter of just

and reasonable inference." *Id.* at 398–99 (quoting *Mt. Clemens*, 328 U.S. at 687). Estimates may suffice under this standard because "an inaccuracy in damages should not bar recovery for violations of the FLSA or penalize employees for an employer's failure to keep adequate records." *Id.* at 412 (citing *Mt. Clemens*, 328 U.S. at 688). If the defendant-employer fails "to prove the precise amount of work performed or otherwise rebut the reasonably inferred damages amount[,] . . . the court may award the reasonably inferred, though perhaps approximate, damages." *Monroe*, 860 F.3d at 407 (citing *Mt. Clemens*, 328 U.S. at 687–88); *Barnes v. Abraham, Inc.*, 2017 WL 5714091, at *3–4 (S.D. Ohio Nov. 28, 2017) (finding that the plaintiff-employee could satisfy his burden "through estimates based on his own recollection of the hours that he worked." (citing *Fulkerson v. Yaskawa*, 2014 WL 4638982, at *6 (S.D. Ohio Sept. 16, 2014))).

## **ANALYSIS**

Accepting as true Hatfield's allegations of liability and finding sufficient her estimated hours worked based on her own recollection, she is entitled to $59,880.38 in damages, $12,257 in attorney fees and $547 in expenses.

First, under Section 34a of Article II of the Ohio Constitution ("Ohio Constitution"), an employer is liable for back wages if they fail to pay an employee at a wage rate of less than the wage rate specified in Section 34a. In 2023, the Ohio minimum wage for non-exempt employees was $10.10 per hour. In 2024, the Ohio minimum wage for non-exempt employees was $10.45 per hour. Hatfield declares that she worked at least 875 hours in 2023 and 1625 hours in 2024. Considering Ohio's minimum wage, Defendants should have paid Hatfield an aggregate amount of $25,818.75 for these hours ((875 x $10.10 = $8,837.5) + (1625 x $10.45 = $16,981.25)). Hatfield declares,

however, that Defendants only paid her an aggregate amount of $6,250. Subtracting $6,250 from $25,818.75 amounts to $19,568.75 in back wages.

Pursuant to Ohio Rev. Code 4111.14(J), when minimum wages are not paid, as outlined in Ohio Constitution, "damages shall be calculated as an additional two times the amount of the back wages . . . ." Ohio Rev. Code § 4111.14(J). Here then, Hatfield is entitled to an additional $39,137.50. Taken together, Hatfield is entitled to back pay and damages for Defendants' minimum wage violations in the total amount of **$58,706.25**.

Hatfield also asks for damages under the Ohio Prompt Pay Act ("OPPA"). Pursuant to the OPPA, an employer is liable for 6% of unpaid wages, or $200.00, whichever is higher, where wages remain unpaid for thirty days beyond the regular scheduled pay date. Ohio Rev. Code §§ 4113.15. As Hatfield alleges that Defendants failed to pay her owed minimum wage compensation for thirty days beyond the regular scheduled pay date, she is entitled to an additional award of 6% of the total back wage amount in additional damages, in the amount of **$1,174.13**.[1]

Lastly, Hatfield seeks attorney fees and expenses pursuant to the Ohio Constitution and the FLSA. Pursuant to 29 U.S.C. § 216(b), the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the

---

[1] Without citing any legal authority, Hatfield alleges that she is entitled to "an amount equal to six percent of her unpaid wages, or $200.00 *per paycheck*, whichever is greater, pursuant to Ohio Revised Code Section 4113.15" (Doc. 1 ¶ 35), for a total award of $4,400 for 22 bi-monthly paychecks. The OPPA calls, however, for damages of "six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater." Ohio Rev. Code § 4113.15(B). *See Barnes v. Abraham, Inc.*, 2017 WL 5714091, at *4 (S.D Ohio Nov. 28, 2017) ("[T]he Court, like [plaintiff], calculates the damages owed under the OPPA by multiplying [plaintiff's] unpaid minimum wages for each year by six percent." (collecting cases)).

action." The Ohio Constitution and the Ohio Wage Act also mandate the award of reasonable attorney fees to prevailing employees. Ohio Const. art. II, § 34a; Ohio Rev. Code § 4111.10(A).

The general approach to determining reasonable attorney fees is to first calculate the lodestar amount by multiplying the reasonable number of hours billed by a reasonable billing rate. *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999). "There is a 'strong presumption that the lodestar represents the reasonable fee.'" *Citizens Against Pollution v. Ohio Power Co.*, 484 F. Supp. 2d 800, 808 (S.D. Ohio 2007) (quoting *City of Burlington v Dague*, 505 U.S. 557, 562 (1992)).

Hatfield seeks $12,257 in attorney fees, which represents 20.6 hours of work at a rate of $595/hour. Given counsel's considerable experience in employment law and the considerable judgment rendered for Hatfield, the Court finds the hourly rates charged by her counsel are reasonable and the hours worked litigating this case are reasonable. Further, the Court finds $547 in expenses to be reasonable and necessary to the litigation of this action. Accordingly, Hatfield is entitled to **$12,257** in attorney fees and **$547** in expenses.

## CONCLUSION

For these reasons, Hatfield's Motion for Default Judgment is GRANTED IN PART and DENIED IN PART. Hatfield is entitled to $59,880.38 in damages, $12,257 in attorney fees and $547 in expenses from Defendants.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 7/30/25